UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA LOUISE ROBERTS,<br><br>                                    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY DEPARTMENT; BERYLE; CARLOS MENDINE; ALLIENA MARTINEZ; and JOHN, Social Rep.,<br><br>                                    Defendants. | Case No.: 22-CV-1123 JLS (KSC)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a); AND (3) DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are Plaintiff Tina Louise Roberts' Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2) and Request for Appointment of Counsel ("Counsel Mot.," ECF No. 3). Having carefully considered Plaintiff's IFP Motion and the applicable law the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion, **DENIES AS MOOT** Plaintiff's Counsel Motion, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for the reasons that follow.

/ / /

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As §1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

|   |   |
|---|---|
| 1 | In her IFP Motion, Plaintiff attests to receiving an illegible amount of monthly |
| 2 | public-assistance: "2.4.0.00." IFP Mot. at 2.[2] She avers that has $456.00 in cash, *id.*, and |
| 3 | owns a motor vehicle worth $3,200.00, *id.* at 4. Her claimed monthly expenses are "uni" |
| 4 | for utilities, $24.00 for food, $240.00 for clothing, $40.00 for laundry and dry-cleaning, an |
| 5 | illegible "$2.45.4.20" for medical and dental expenses, $32.00 for transportation, and |
| 6 | $25.00 for recreation and entertainment. *Id.* at 3. |
| 7 | Plaintiff also has filed a Counsel Motion supported by an "Affifavit [sic] in Support |
| 8 | of Request for Counsel" that indicates that Plaintiff has received approximately $12,000 in |
| 9 | income in the past twelve months, although Plaintiff fails to specify the source of those |
| 10 | funds. Counsel Mot. at 4. Plaintiff fails to provide any answer as to how much money she |
| 11 | owns and claims not to "own or have any interest in any . . . automobiles." *Id.* at 5. She |
| 12 | also claims monthly living expenses totaling $1,200.12, comprised of $95.00 for her cell |
| 13 | phone, $32.00 for a bus pass, $25.00 for laundry, and $901.00 that is unspecified. *Id.* at 6. |
| 14 | In light of the foregoing, the Court finds that Plaintiff does not allege poverty with |
| 15 | particularity, definiteness, or certainty and, therefore, is not entitled to proceed IFP at this |
| 16 | time. Not only is the Court unable to decipher important portions of Plaintiff's financial |
| 17 | affidavits, such as her monthly income, but there are significant discrepancies between the |
| 18 | financial figures provided in the IFP Motion and the Counsel Motion that Plaintiff fails to |
| 19 | explain and which the Court is unable to reconcile. |
| 20 | In short, because the Court cannot ascertain Plaintiff's assets, income, and expenses, |
| 21 | the Court cannot decide, on the record presently before it, that Plaintiff would be unable to |
| 22 | pay court costs and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. |
| 23 | Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion and |
| 24 | **DISMISSES WITHOUT PREJUDICE** this civil action in light of Plaintiff's failure to |
| 25 | pay the filing fees required by 28 U.S.C. § 1914(a). *See, e.g., Stika v. McCauley*, No. 19- |

---

[2] In citing to page numbers, the Court will refer to the blue numbers stamped by the CM/ECF system in the top right corner of each page.

CV-00677-GPC-LL, 2020 WL 2079390, at *1 (S.D. Cal. Apr. 30, 2020) ("dismiss[ing] . . . [a]ction without prejudice for failure to pay the mandatory fee").

### REQUEST FOR APPOINTMENT OF COUNSEL

As noted *supra*, Plaintiff also has filed a request for appointment of counsel. *See generally* Counsel Mot. Since the Court dismisses Plaintiff's Complaint, however, the Court also **DENIES AS MOOT** Plaintiff's request for appointment of counsel, without prejudice to Plaintiff renewing said motion should she elect to reopen this case and should she satisfy the criteria for this Court's discretionary appointment of counsel in a civil case.

### CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** this action in light of Plaintiff's failure to pay the filing fees required by 28 U.S.C. § 1914(a). Furthermore, the Court **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel (ECF No. 3).

The Court **GRANTS** Plaintiff thirty (30) days from the date on which this Order is electronically docketed to reopen this matter by either (1) filing a properly supported motion to proceed IFP or (2) paying the full $402 civil filing and administrative fee required by 28 U.S.C. § 1914(a). ***If Plaintiff chooses not to comply with this Order by either paying the full $402 civil filing and administrative fee or submitting a complete motion to proceed IFP within thirty (30) days of the date of this Order, this civil action will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).***

IT IS SO ORDERED.

Dated: September 6, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge